

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Overruled by O-6916
/s/ ... p ...

Honorable Beauford H. Jester, Chairman
The Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-6256
Re: Whether live poultry is in-
cluded in the term livestock
as used in Article 911b, Sec.
1 (1) of the Revised Civil
Statutes of Texas, and relate
questions.

    Your request for our opinion on the hereinabove
captioned matter has been received by this department. We quote
from your letter as follows:

    "Article 911b, Section 1 (1) Revised Civil
Statutes of Texas, defines the term 'Specialized
Motor Carrier', and provides that the term shall
include those carriers who engage or desire to
engage exclusively in the transportation of several
named commodities including <u>livestock</u>.

    "Will you please advise whether <u>live poultry</u>
is included in <u>livestock</u>?

    "The definition also provides that the term
'specialized motor carrier' shall include those
carriers who engage or desire to engage exclusive-
ly in the transportation of ** <u>property requiring
specialized equipment</u>. 'Specialized Equipment'
includes, but is not limited to block and tackle,
hoists, cranes, windlasses, gin poles, winches,
special motor vehicles, and such other devices
as are necessary for the safe and proper loading
or unloading of property requiring specialized
equipment for the transportation and handling
thereof.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Beauford H. Jester, page 2

"Property requiring specialized equipment is limited to "commodities which by reason of length, width, weight, height, size, or other physical characteristics require the use of special devices, facilities or equipment for their loading, unloading, and transportation.

"Will you please advise whether live poultry is property requiring specialized equipment for transportation and handling thereof, where the applicant for a certificate pleads and his proof supports his pleading that (1) live poultry requires special facilities such as wire coops for their loading, unloading and transportation? Or, that the applicant proposes to use a special motor vehicle peculiarly adapted to the transportation of live poultry, in that the bed of the truck or trailer has several decks or floors which permits the transportation of a large quantity of live poultry from rural and urban live poultry concentration points to Texas cities and army camps, and the demand for this service arises by reason of a shortage of refrigerating facilities, gasoline rationing and other conditions and difficulties attributed to World War II.

"In connection with the first question, will you please advise whether the Commission is authorized to determine if livestock should or does include live poultry in considering necessity and convenience for a proposed Specialized Motor Carrier Service.

"In connection with the second question, will you please advise whether the Commission should determine under the pleading and proof pertaining to a given application, if live poultry is property requiring specialized equipment, and if the specialized equipment proposed to be used by an applicant is of such a nature as to come within the statutory definition of the term."

Hon. Beauford R. Jester, page 3


Article 911b, Section 1(1) of the Revised Civil Statutes of Texas, reads in part, as follows:

"(1) 'Specialized motor carrier' means any person owning, controlling, managing, operating, or causing to be operated any motor-propelled vehicle used in transporting, over any public highway in this State, over irregular routes on irregular schedules, for compensation and for the general public with specialized equipment, property requiring specialized equipment in the transportation and handling thereof; provided, that the term 'specialized motor carrier' as used in this Act shall not apply to motor vehicles operated exclusively within the incorporated limits of cities or towns; and provided further the term 'specialized motor carrier' as used herein shall include those carriers who engage or desire to engage exclusively in the transportation of livestock, livestock feedstuff, grain, farm machinery, timber in its natural state, milk, wool, mohair, or property requiring specialized equipment as that term is hereinafter defined, or any one, or more, of the foregoing named commodities.

"For the purpose of this Act, the term 'specialized equipment' includes, but is not limited to block and tackle, hoists, cranes, windlasses, gin poles, winches, special motor vehicles, and such other devices as are necessary for the safe and proper loading or unloading of property requiring specialized equipment for the transportation and handling thereof.

"For the purpose of this Act, the term 'property requiring specialized equipment' is limited to (1) oil field equipment, (2) household goods and used office furniture and equipment, (3) pipe used in the construction and maintenance of water lines and pipe lines, and (4) commodities which by reason of length, width, weight, height, size, or other physical character require the use of special devices, facilities, or equipment for their loading, unloading, and transportation....."

A careful study of the foregoing provisions indicates that the "specialized equipment", within the meaning of the statute, pertains to the motor vehicle operated by the "specialized motor carrier", and has no reference to the necessary equipment furnished by the truck owner, such as coops, feed and water facilities, and the like, in connection with the shipping of live poultry. On the other hand, the carrier has no need for a permit as a specialized motor carrier, where he merely picks up and transports poultry in the condition in which it is tendered and accepted for transportation; that is, in coops with feed and water accessories furnished by the shipper. We think that the applicant is entitled to a special motor carrier's permit where he proposes to use a special motor vehicle peculiarly adapted to the transportation of live poultry.

In view of the above answer, we do not deem it necessary to answer your other questions.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 13 1944

ATTORNEY GENERAL OF TEXAS

By

J. C. Davis, Jr.
J. C. Davis, Jr.
Assistant

JDD:rt


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN